**In re Dennis Michael RICHARDS Debtor.**

**Bankruptcy No. 2–88–01059.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Aug. 12, 1988.

Dennis M. Richards, Columbus, Ohio, debtor.

Sara J. Daneman, Columbus, Ohio, trustee.

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

BARBARA J. SELLERS, Bankruptcy Judge.

A motion has been filed in this case by Dennis Michael Richards, seeking to proceed in bankruptcy *in forma pauperis*. The motion was accompanied by an affidavit in support of indigency.

Richards cites no authority under which he may file a bankruptcy case and proceed *in forma pauperis*. It appears, however, that he is relying upon 28 U.S.C. § 1915(a), which provides that any court may authorize the non-payment of fees or costs if the person making such request files an affidavit establishing that he is unable to pay the required costs. Although Richards has complied with the provisions of 28 U.S.C. § 1915(a), the statute controlling fees imposed in bankruptcy cases does not permit a debtor to proceed *in forma pauperis* in a case commenced under Chapter 7. 28 U.S.C. § 1930(a). Section 1930(a) states:

(a) Notwithstanding Section 1915 of this title, the parties commencing a case under Title 11 shall pay to the clerk of the bankruptcy court the following fees ...
(1) For a case commenced under Chapter 7 or 13 of title 11, $90.

The Supreme Court of the United States has addressed the constitutionality of the requirement that a debtor pay a filing fee to initiate a bankruptcy case. The Court held that an indigent who files a voluntary petition in bankruptcy is not entitled to a discharge unless the filing fees have been paid. *U.S. v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). The *Kras* Court further found that there is no constitutional right to a discharge in bankruptcy and that the fee requirement has a rational basis. *Kras*, 409 U.S. at 446, 93 S.Ct. at 638.

Although Bankruptcy Rule 1006(b)(2) does permit Richards to pay the filing fee in installments, the final installment must be paid no later than 120 days after the bankruptcy petition is filed. Such period has expired in this case. Accordingly, the Court orders Richards to pay the required $90.00 filing fee within ten (10) days of the entry of this order. If such fee is not timely paid, this case will be dismissed.

IT IS SO ORDERED.