**In the Matter of Stephen BROADY and Kathryn Lanell Broady, Debtors.**

**Jefferson BROADY and Dorothy Broady, Claimants,**

v.

**Hugh A. MINER, trustee, Respondent.**

**Bankruptcy No. 87–05422–SJ–DJS.**

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

Oct. 4, 1988.

See also, Bkrtcy., 92 B.R. 389, Bkrtcy., 96 B.R. 218.

---

Jefferson Broady, Rock Port, Mo., pro se and for Dorothy Broady.

Hugh A. Miner, St. Joseph, Mo., trustee.

John Manring, Utz, Litvack, Summers, Powers & Manring, St. Joseph, Mo., for debtors.

## ORDER DENYING LEAVE TO THE DEBTOR KATHRYN LANELL BROADY TO APPEAL IN FORMA PAUPERIS

DENNIS J. STEWART, Chief Judge.

Formerly, on July 19, 1988, this court issued its written order denying the respondent's objection to the claimants' claim in the sum of $234,803.81. The debtor Kathryn Lanell Broady filed a document on July 27, 1988, which requested reversal of that decision and which this court treated as a notice of appeal. Later, the debtor Kathryn Lanell Broady requested leave to prosecute her appeal in forma pauperis and not pay the $105 filing fee for the notice of appeal.

After examining the files and records in this court and the applicable law, this court has concluded that leave should be denied to appeal in forma pauperis for the separate and independent reasons that (1) the in forma pauperis statute has been held not to apply in bankruptcy cases; (2) the debtor has not shown inability to pay the sum of $105 as a filing fee; and (3) the appeal is wholly frivolous in that, according to the uncontradicted case decisions, she lacks standing to appeal.

First, the decision of the Supreme Court of the United States in *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), is to the effect that there is no right to *in forma pauperis* prosecution of actions in bankruptcy as a matter of constitutional or common law principle, primarily because "(t)here is no constitutional right to obtain a discharge of one's debts in bankruptcy" and "the filing fee requirement does not deny Kras the equal protection of the laws." 409 U.S. at 446, 93 S.Ct. at 638. It is true that section 1915(a), Title 28, United States Code, authorizes the commencement of any suit in the district court "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay for such costs or give security therefor." But in the *Kras* case, *supra*, it was expressly held that "section 1915(a) is not now available in bankruptcy." 409 U.S. at 440, 93 S.Ct. at 635. And this has been held to apply to the prosecution of appeals to the district court in bankruptcy cases. See *In re Gurda Farms, Inc.*, 10 B.R. 479 (S.D.N.Y.1980), however, in which it was held that the *Kras* decision was not intended to foreclose the right of debtors to commence an appeal in the district court *in forma pauperis* in accordance with the literal terms of section 1915(a), *supra*. That decision, however, was rendered before the decision of the Supreme Court of the United States in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which declared that the bankruptcy court is not a court of the United States such as may grant authorization, pursuant to section 1915(a), *supra*, to prosecute or defend an action or to appeal a decision *in forma pauperis*. "A 'court of the United States,' in its technical sense, is one created under Article III of the Constitution ... And 'the provisions of Title 28 relating to 'courts of the United States' (are) applicable to Article III courts" ... *Bowen v. C.I.R.* 706 F.2d 1087, 1088 (11th Cir.1983)." *Matter of Richardson*, 52 B.R. 527, 532 (Bkrtcy.W.D. Mo.1985). Accordingly, the actions taken,

or authorized to be taken, under title 28 may ordinarily be taken by Article III courts and "Bankruptcy Courts are not included in this enumeration and they are not courts whose judges hold office during good behavior. This suggests that they are not courts of the United States ..." *Matter of Becker's Motor Transp. Co., Inc.*, 632 F.2d 242, 247 (3d Cir.1980). Accordingly, it appears that bankruptcy courts may not grant leave to appeal in forma pauperis as provided in section 1915(a), Title 28, United States Code.

■ Second, even if the court has such power, and even if a right to prosecute a bankruptcy appeal in forma pauperis exists, the affidavit which has been submitted by Kathryn Lanell Broady in this case does not establish an inability to pay $105 in a filing fee. She contends in her affidavit to have a monthly net income of $495. She details her monthly expenses intelligibly only to the extent of $448—$220 monthly rental; $150 grocery expense; $50 gas; and $128 telephone (which seems unusually large)—and otherwise either responds to the questions on the form supplied by the court unintelligibly or else states that certain expenses are unknown because she and her husband are moving to a new residence. Further, it appears that food stamps may serve to dilute some of the monthly grocery expenses and that vehicles are owned which are unencumbered and have a value of at least $1,500. It does not appear from the facts which are disclosed that she is without the means to pay a small filing fee of only $105.00. The court therefore concludes that she has the ability to pay the filing fee on appeal.

■ Third, the appeal sought to be prosecuted is plainly frivolous because Ms. Broady has no standing to prosecute the appeal. The order sought to be appealed from was, as observed above, one in which the court denied the trustee's objection to the allowance of a claim. Ordinarily, the trustee would be the only party who would have standing to appeal that order and the decisional authorities have accordingly held that, ordinarily, the debtor has no standing to appeal if his estate is insufficient to pay all the claims against it, as is the case at bar. See *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706, 707 (8th Cir.1979), to the following effect:

"(S)ince the bankrupt is normally insolvent, he is considered to have no interest in how his assets are distributed among his creditors and is held not to be a party in interest ... However, when it appears that, if the contested claims are disallowed, there may be a surplus of assets to be returned to the bankrupt, the bankrupt is considered to have standing to contest the claims ... (But ordinarily) the bankrupt is not a 'person aggrieved' ... and lacks standing to appeal from an order of the bankruptcy court allowing or disallowing claims unless he has demonstrated a pecuniary interest in the outcome."

The files and records in this case demonstrate it to be a minimal asset case and that disallowance of the claim of the claimants will not result in a surplus estate. Therefore the debtors have no standing to appeal and the appeal is therefore frivolous. "The court ..., ... if satisfied that the action is frivolous or malicious," may "dismiss the case." Section 1915(d), Title 28, United States Code. Accordingly, if the bankruptcy court has power to grant leave to appeal in forma pauperis, it also has the power to deny leave to appeal in forma pauperis if the appeal is frivolous. An action is frivolous if "no arguable factual or legal basis ... exists for the asserted wrong." *McFadden v. Lucas*, 713 F.2d 143, 145 (5th Cir.1983). And, in this case, as a matter of law, for the foregoing reasons, the appeal is frivolous. Therefore, it is hereby

ORDERED that the debtor Kathryn Lanell Broady be, and she is hereby, denied leave to prosecute her appeal in forma pauperis. Accordingly, the $105 fee for an appeal must be filed with this court within 10 days of the date of filing of this order.