**In re ODESSA MANUFACTURING CORP., Debtor.**

**Bankruptcy No. 86–05008–SJ–1.**

United States Bankruptcy Court, W.D. Missouri.

Jan. 27, 1989.

Thomas R. Filmore, pro se.

ORDER STRIKING NOTICE OF INTENT TO FILE APPEAL TO THE DISTRICT COURT IN SPRINGFIELD, MISSOURI AND APPLICATION FOR ORDER ALLOWING APPELLANT TO PROCEED PRO SE AND IN FORMA PAUPERIS

KAREN M. SEE, Bankruptcy Judge.

On January 25, 1989, the Court received a pleading titled Notice of Intent to File Appeal to the District Court in Springfield, Missouri and Application for Order Allowing Appellant to Proceed Pro Se and In Forma Pauperis. The Notice of Intent was

filed by Thomas R. Filmore, who described himself as president and sole stockholder of debtor company. For the following reasons, the Court has determined that the Notice of Intent to File Appeal is without merit and should be stricken.

First, the Order Dismissing Case was entered, following a hearing, on December 23, 1988 and docketed December 27, 1988.[1] Thus, the Order of dismissal became final and unappealable on January 11, 1989. It is questionable whether a "Notice of Intent to File Appeal" is valid to perfect an appeal, but assuming for sake of argument that it is, the pleading here was not timely filed.

 Mr. Filmore requests to proceed pro se. Only an individual may represent himself in court. A corporation may not proceed pro se. Accordingly, that request is without merit because Mr. Filmore is not the debtor, and the debtor is a corporation.

 Mr. Filmore also requests to proceed *in forma pauperis.* There is no right in bankruptcy proceedings to prosecute an appeal in forma pauperis. See *Broady v. Miner (In re Broady),* 96 B.R. 221 (Bank. W.D.Mo.1988), an opinion written by Chief Bankruptcy Judge Stewart. *Broady,* citing *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), states "there is no right to *in forma pauperis*

prosecution of actions in bankruptcy as a matter of constitution or common law principle, primarily because '[t]here is no constitutional right to obtain a discharge of one's debts in bankruptcy' and 'the filing fee requirement does not deny Kras the equal protection of the laws.' 409 U.S. at 446 [93 S.Ct. at 638.]" Furthermore, even if there were a right to prosecute a bankruptcy appeal *in forma pauperis,* the application for *in forma pauperis* status here was submitted by Mr. Filmore, and he is not the debtor. There is no information as to what assets the debtor Odessa Manufacturing may own. In fact, one of the controversies in this case was whether Odessa had hidden assets. Thus, an *in forma pauperis* application by Mr. Filmore is not sufficient to extend to Odessa Manufacturing Corporation, which is the debtor in this case. In any event, as noted earlier there is no right to prosecute a bankruptcy appeal *in forma pauperis.* For the foregoing reasons, it is hereby

ORDERED that the Notice of Intent to File Appeal and Application for Order Allowing Mr. Filmore to Proceed In Forma Pauperis is, for lack of good cause, stricken.

---

1. In a letter to the court dated January 6, 1989, Mr. Filmore, who is incarcerated in the U.S. Medical Center for Prisoners in Springfield, Missouri, stated he was "surprised that you [the court] held an ex parte hearing on December 23, 1988, regarding dismissal...." I am not sure what Mr. Filmore meant by "ex parte hearing" except, perhaps, that he was not present. To insure that there are no misunderstandings as to notice and opportunity to be heard, the court points notes that there was no ex parte hearing. The hearing was scheduled pursuant to an order to show cause why the case should not be dismissed, entered December 1, 1988 (which order is referenced in another letter from Mr. Filmore to the court dated December 27, 1988). The order to show cause was sent to all creditors and counsel for debtor. The order required objections to be filed by December 22 and set a hearing for December 27 if any objections were filed.

Debtor's counsel, Edward Coulsen, who has diligently attended to debtor's interests throughout this case, did file an objection. He also filed a motion for continuance, stating he would be on vacation on December 27. Since Mr. Coulsen's objection was the only one filed and the time for objections had passed, the court, pursuant to Mr. Coulsen's motion, rescheduled the hearing for December 23, in order to avoid conflict with counsel's vacation plans and in order to get this matter concluded. The only three parties who expressed interest in the dismissal issue—Mr. Coulsen for debtor, and Kenneth Weinfurt and Eugene Harrison, Assistant U.S. Attorneys appearing for the SBA and Department of Defense—attended the hearing. After hearing arguments from the attorneys, the court determined the case should be dismissed. Thus, the hearing conducted was pursuant to notice, with opportunity for objections, and with attendance of interested parties or their attorneys. Debtor was represented by counsel. Mr. Filmore's presence was not required and, indeed, would not be possible any time in the foreseeable future since he is incarcerated pursuant to a five-year sentence entered October 20, 1988.