**In re E.L. (Lee) FITZGERALD, individually and d/b/a Computerized Tax Services, Inc.; Computerized Property Investments, Inc.; Fast Track Oil, Inc.; Fitzgerald Oil Company; Georgia–Colorado Gas Company, Inc.; Georgia Factoring, Inc.; Solar Aspects, Inc.; Atlanta Southern Capital Corporation; Bankhead Properties, Inc.; H & F Investments, Inc.; Pointer Petroleum, Inc.; Specialty Embroidery, Inc.; Colt Resources, Inc.; and John Doe, Debtors.**

**Bankruptcy No. 93–60319.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 25, 1994.

E.L. Fitzgerald, pro se.

Paul H. Anderson, Jr., Chapter 7 Trustee, Burton & Anderson, Atlanta, GA.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This case is before the Court on debtor E.L. Fitzgerald's motion for the appointment of counsel pursuant to 28 U.S.C. § 1915(d). Debtor is presently incarcerated and seeks counsel to assist him as a debtor in this Chapter 7 case and as a defendant in an adversary proceeding. After carefully considering debtor's motion, the trustee's response, the record and the applicable law, the Court concludes that debtor's motion should be DENIED.

Debtor's Chapter 7 case was commenced by the filing of an involuntary petition on January 7, 1993. The Order for Relief was entered on February 19, 1993, and Paul Anderson was appointed as the Chapter 7 trustee. A substantial amount of activity has occurred as is reflected in the 23 page docket in the main case.

Debtor's motion for the appointment of counsel was filed 14 months after the case was commenced. In his motion and accompanying papers, debtor sets forth five reasons why he believes he is entitled to court-appointed counsel. First, he states that he is not able to afford counsel and that he has been unsuccessful in retaining counsel. Second, he asserts that the issues in this case

are very involved and complex, that false claims have been filed, that assets have been overlooked, and that property has been sold for far less than its value. Third, he asserts that the prison library and materials are inadequate for him to prepare the papers necessary to assert his claims and positions, whatever they may be. Fourth, he states that while he obtained a law degree 22 years ago, he has limited knowledge of bankruptcy law. Fifth, he states that justice is not being served and he complains that the trustee, Paul Anderson, is not responsive to him.

■ Generally, a civil litigant has no constitutional right to the appointment of counsel. *Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992); *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987). An indigent has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 26–27, 101 S.Ct. 2153, 2159–2160, 68 L.Ed.2d 640, *reh. denied*, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981). Here, debtor is presently incarcerated, and debtor's freedom or physical liberty is not affected by these bankruptcy proceedings.[1] There is no constitutional right to obtain a discharge in bankruptcy, and bankruptcy is not a fundamental right. *United States v. Kras*, 409 U.S. 434, 445, 93 S.Ct. 631, 635, 34 L.Ed.2d 626 (1973). Thus, debtor clearly has no constitutional right to court-appointed counsel. *See In re Martin–Trigona*, 737 F.2d 1254, 1260–61 (2d Cir.1984); *In re Trinsey*, 115 B.R. 828, 834 (Bankr.E.D.Pa.1990); *In re Cann & Saul Steel Co.*, 86 B.R. 413, 416 (Bankr.E.D.Pa.1988).

■ While it is often assumed that a court has the discretion to appoint counsel for indigent debtors under 28 U.S.C. § 1915(d), there is some question as to whether 28 U.S.C. § 1915(d) applies to bankruptcy cases. Section 1915(d) provides, in pertinent part, that "[T]he court may request an attorney to represent *any such person* unable to employ counsel" (emphasis added). The words "any such person" refer back to § 1915(a) which provides as follows:

> (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

"Any such person" in § 1915(a) is one who makes affidavit that he is unable to pay "such costs", and "such costs" refer to fees and costs of commencing, prosecuting or defending civil or criminal actions or appeals therein. The *in forma pauperis* provision of § 1915(a) is not available now in bankruptcy. *Kras*, 409 U.S. at 440, 93 S.Ct. at 635. Since § 1915(a) is not available in bankruptcy cases, § 1915(d) is probably not applicable to bankruptcy cases. *See In re Flowers*, 83 B.R. 953 (Bankr.N.D.Ohio 1988) and *In re New Haven Radio, Inc.*, 18 B.R. 495, 496 (Bankr.D.Conn.1982). *But see In re Fisher v. CFC Capital Corporation (In re DuPage Boiler Works, Inc.)*, 97 B.R. 437 (Bankr. N.D.Ill.1989).

■ However, even assuming that § 1915(d) is applicable in this bankruptcy case either because adversary proceedings are civil actions or because all courts have the inherent ability to request an attorney to represent an indigent,[2] the circumstances here do not justify the appointment of counsel for the debtor. In determining whether to appoint counsel under § 1915(d) for indigent litigants in civil cases, courts typically consider the merits of the indigent's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir.1989). Appointment of counsel in a

---

**1.** Debtor is serving a forty year sentence in the Georgia prison system, after having pled guilty in October of 1993 to seventy-nine felony counts involving fraud and embezzlement. *See* Trustee's Response to Debtor's Motion for Appointment of Counsel, filed March 24, 1994.

**2.** Section 1915 does not authorize the expenditure of federal funds to appoint counsel, and it does not authorize a court to order an unwilling lawyer to represent an indigent. The statute simply authorizes the court to *request* a lawyer to represent an indigent.

civil case is a privilege justified only by exceptional circumstances. *Fowler v. Jones,* 899 F.2d 1088, 1096 (11th Cir.1990); *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir.1987).

■ Debtor has failed to articulate any claims, and thus the Court cannot conclude that any claims have merit. Debtor states that the issues in the case are complex, but he does not identify any issues. Debtor states that false claims have been filed, but he does not identify any such false claims. Debtor states that assets have been "overlooked", but once again he fails to identify any such assets. The trustee examined debtor under oath on November 12, 1993, and states that debtor identified no assets other than some uncollected receivables. Debtor has a duty to disclose fully any and all information he has regarding assets, so that the trustee can undertake the appropriate action to investigate, recover and liquidate such assets. Debtor should make full disclosure in writing regarding any alleged overlooked assets within thirty (30) days, and then the trustee can determine whether another meeting with or examination of the debtor would be helpful.

Debtor's motion for appointment of counsel refers on the face page to both the main bankruptcy case No. 93–60319 and to adversary proceeding No. 93–6075, one of the adversary proceedings filed in this case.[3] That adversary proceeding has been closed, and a default judgment was entered on May 12, 1993. The relief sought and granted was for substantive consolidation of the assets and liabilities of the named defendants. Debtor has presented no argument for appointing counsel in this closed adversary proceeding.

Debtor has not shown any exceptional circumstances justifying appointment of counsel in the main case or any other adversary proceeding. Two of the debtor's five arguments for requesting counsel occur frequently in Chapter 7 bankruptcy cases and do not amount to exceptional circumstances. Debt-

or's statement that he is not able to afford counsel and that he has been unsuccessful in retaining counsel unfortunately applies to many Chapter 7 debtors. Similarly, debtor's statement that he has a limited knowledge of bankruptcy law also applies to many, if not most, debtors. Significantly, the debtor here is not illiterate, and in fact, states that he has a law degree. If financial inability to hire a lawyer and lack of expertise in bankruptcy law justified court-appointed counsel, a great many Chapter 7 debtors would qualify for *in forma pauperis* relief.

Debtor's argument that he is dissatisfied with the materials in the prison library is not compelling, and the fact that he is incarcerated does not justify the appointment of counsel. *See Dean v. Barber,* 951 F.2d 1210, 1216 (11th Cir.1992); *Poole v. Lambert,* 819 F.2d at 1028.

Debtor's main reason for seeking counsel appears to be his frustration with the trustee, Mr. Anderson. Debtor is dissatisfied with a sale conducted by the trustee of certain furniture, furnishings and items in debtor's former residence. However, appointing counsel for the debtor is not the appropriate response. There are procedures within the Bankruptcy Rules and the Bankruptcy Code for objecting to sales of assets. The docket does not reflect any objection by the debtor to any sale, and the sale about which debtor complains took place at public auction. The United States Trustee, having been served with debtor's papers, is aware of debtor's complaints about Mr. Anderson and can take any action that may be appropriate. Finally, debtor has filed objections to the trustee's application to pay the auctioneer for the sale and has included in those objections a request for the removal of the trustee. Those matters are set for hearing on May 11, 1994.

■ In addition to debtor's request for counsel, he asks that all hearings be postponed and all sales and administration of the estate be stayed until he has had time to

---

**3.** Adversary Proceeding No. 93–6075 is styled *Paul H. Anderson, Jr., as Trustee, Plaintiff, v. Computerized Tax Service, Inc.; Computerized Property Investments, Inc.; Fast Track Oil, Inc.; Fitzgerald Oil Company; Georgia–Colorado Gas Company, Inc.; Georgia Factoring, Inc.; Solar Aspects, Inc.; Atlanta Southern Capital Corporation; Bankhead Properties, Inc.; H & F Investments, Inc.; Pointer Petroleum, Inc.; Specialty Embroidery, Inc.; and E.L. Fitzgerald, Defendants.*

review everything. There is no basis for the Court to grant such relief. The aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate. *Pioneer Inv. Services Co. v. Brunswick Assoc. Limited Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). Debtor's incarceration, by itself, does not justify debtor's request to hold any proceedings in debtor's case in abeyance. "[L]awful incarceration necessarily limits an inmate's right to plead and manage his own case personally." *Poole v. Lambert,* 819 F.2d at 1028.

In accordance with the above reasoning, debtor E.L. Fitzgerald's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d) and debtor's request that all actions be stayed are hereby DENIED.

IT IS SO ORDERED.