In re Michael A. ENNIS and Carolyn Ennis, a/k/a Carolyn Friedell, Debtors.

Bankruptcy No. 94–60780.

United States Bankruptcy Court, W.D. Missouri.

Jan. 27, 1995.

project commenced October 1, 1994 and is to be supervised by the Judicial Conference of the United States. *See* Pub.L. 103–121, § 111(d)(3); 28 U.S.C.A. § 1930, Statutory Notes, Report on Bankruptcy Fees.

Thomas J. Carlson, Springfield, MO, James G. Tichenor, Des Moines, IA, for Morris Friedell Bertroche Law Offices.

Thomas J. O'Neal, Springfield, MO, for Norwest Bank and Paul Ahler.

Richard V. Fink, Chapter 13 Trustee, Kansas City, MO.

Michael A. Ennis and Carolyn Ennis, pro se.

### OPINION AND ORDER DENYING IN FORMA PAUPERIS APPLICATION

KAREN M. SEE, Bankruptcy Judge.

Pro se debtor Carolyn Ennis filed two notices of appeal without the required filing fees, but accompanied by two affidavits of financial status. There was no motion to proceed *in forma pauperis,* but the affidavits reference such a motion, so debtors apparently seek to appeal two orders without paying the filing fees. The orders appealed from include rulings denying requests to proceed *in forma pauperis* in the bankruptcy case and ordering debtors to pay the balance of the filing fee for the Chapter 13 case within 10 days. The two orders appealed from and the request in the affidavits filed with the bankruptcy court to proceed *in forma pauperis* are core proceedings under 28

U.S.C. § 157(b)(2) (A), (B), (E), (G), (K), (L), (M) and (O). The court finds there is no provision to allow debtors to proceed *in forma pauperis* in their bankruptcy proceeding or in appeals from the bankruptcy proceeding. Debtors must pay the filing fees for the appeals to the Bankruptcy Clerk's Office as prescribed by 28 U.S.C. § 1930.

## I. FACTS

In two orders entered January 6, 1995, the court held there is no right to proceed *in forma pauperis* in bankruptcy and ruled numerous other matters. On January 17, 1995, debtor Carolyn Ennis filed a notice of appeal from each order, along with an affidavit of financial status which states she is unable to pay the costs of commencing and prosecuting the appeal, and seeks to proceed *in forma pauperis*. Although most of the rulings are interlocutory in nature, debtors have not sought leave to file interlocutory appeals, as required by Bankruptcy Rules 8001(b) and 8003(a).

One of the orders which debtors seek to appeal ruled numerous issues in both the main bankruptcy case and an adversary action. The order denied debtors' demand for a jury trial on various matters, including matters in the main file such as applications to appoint counsel and waive utility deposits; denied a request that court security personnel not be permitted in the courtroom; denied a motion to waive adequate protection deposits to utility creditors; explained why the court would not accede to debtors' request for the court to confer ex parte by telephone with one of debtors' witnesses; denied a request for a third extension of time to file an amendment to an adversary complaint; and denied debtors' request for a continuance of trial.

The order also denied a motion to extend the payment of the filing fee for the Chapter 13 case and ordered debtors to pay the balance within 10 days or the case would be dismissed. When the Chapter 13 case was filed on August 31, 1994, debtors were granted permission to pay the filing fee in install-

ments. Debtors failed to pay the installments and $70 remains unpaid. After entry of the order to pay the balance of the filing fee within 10 days (which is the subject of one of the appeals), debtors filed a "3rd Revised Plan" on January 17, 1995 which again declined to pay the balance of the bankruptcy filing fee and provided that the fee would be paid only when ordered by a higher court. The revised plan was not confirmable for many reasons, including that the filing fee must be paid when the case is commenced (or pursuant to an installment schedule), and in any event prior to confirmation. Bankruptcy Rule 1006; 11 U.S.C. § 1325(a)(2). By a separate order, the Chapter 13 bankruptcy case will be dismissed for failure to comply with the order to pay the balance of the filing fee and also pursuant to the Trustee's motion to dismiss for failure to file a confirmable plan.

The second order debtors seek to appeal, titled Order Granting Friedell Motion to Terminate Automatic Stay, Denying Debtors' Motion for Advance of Funds, and Denying Confirmation of Plan, held that creditor Friedell has a duly perfected, secured claim in the amount of $125,641.91 secured by a perfected lien on $107,000 in funds in the custody of a probate executor. The order granted creditor Friedell's motion for relief from stay to enforce his rights under state law, denied confirmation of debtors' plan, ordered debtors to file an amended plan within 15 days of the hearing, and denied debtors' motion to advance funds which were subject to creditor Friedell's secured claim.

The affidavits filed by debtor Carolyn Ennis along with the notices of appeal state that the affidavit supports her "motion to proceed without being required to prepay fees...." Debtor filed only affidavits and did not file any motion to proceed *in forma pauperis* on the appeals. However, the court will construe the affidavit to be such a motion. The affidavit addresses only the waiver of fees and costs and not appointment of counsel. However, in order to cover all potential issues, the court will include the issue of appointment of counsel in this order.[1]

---

1. Debtors previously requested the court to appoint counsel because 27 attorneys had declined

to take the case. Debtor Carolyn Ennis alleged that 90% stated the case was too complex and

At this point it is assumed that information in the affidavits is correct and complete. It is not necessary to review financial status because this order holds there is no authority for debtors to proceed *in forma pauperis.* However, if this order is modified or reversed, debtors' actual financial status must be reviewed because it appears the affidavits do not sufficiently explain the disposition of assets. For example, the evidence at hearings was that in June, 1992, debtors received a discharge of debts in a Chapter 7 bankruptcy case in Seattle, Washington, and thereafter, a few months before this Chapter 13 case was filed, debtor Carolyn Ennis received a distribution of approximately $50,000 from her mother's estate (her remaining distribution of $107,000 is the subject of the order terminating stay and one of the appeals).[2]

In addition, Mrs. Ennis has a computer and fax modem. She appears to have an expensive habit of mailing and faxing voluminous documents (not pleadings to be filed) to the court, the creditors and parties, and from Mrs. Ennis's notations in certificates of service, to various anonymous parties and media all around the country. The faxes of this type which the court has received have been sent at expensive daytime long-distance rates. A few examples of these documents include a document titled K*A*N*G*A*R*O*O PAPERS, a scene from an allegorical play which Mrs. Ennis has written about her travails, and miscellaneous correspondence berating her estranged husband and co-debtor and calling him "O.J." Ennis, berating in great detail her former in-laws and husband, and telling her life story. The bankruptcy court filing fee could easily

have been paid with the money apparently spent on these expensive diversions. Of course, the other possibility is that the faxes are being sent but the telephone bill is not being paid, in which case Mrs. Ennis is not acting in good faith toward that post-petition creditor. In summary, if financial status becomes an issue, proceedings will need to be conducted to determine the sufficiency and the completeness of the financial disclosure.

## II. LEGAL DISCUSSION

■ The Supreme Court has held that 28 U.S.C. § 1915(a), the *in forma pauperis* statute which allows an indigent person to proceed without paying the filing fee, does not apply in bankruptcy. Therefore, bankruptcy courts cannot waive the bankruptcy filing fee for indigent debtors.[3] Furthermore, the Ninth Circuit has held that a bankruptcy court is not a "court of the United States," as that phrase is defined in 28 U.S.C. § 451, and cannot act under any subsection of 28 U.S.C. § 1915.

### A. Bankruptcy Filing Fees

■ Title 28 U.S.C. § 1930 specifies various fees, including the filing fees for bankruptcy petitions. Bankruptcy Rule 1006 provides that every petition shall be accompanied by the filing fee unless the debtor receives permission to pay in installments.

Title 28 U.S.C. § 1915 provides in pertinent part:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or

---

10% stated other reasons, such as not wanting to travel to court (see order terminating stay, 178 B.R. 177, entered January 6, 1995, note 5). Debtors eventually retained counsel, but they continued to file pleadings pro se and discharged their attorney due to irreconcilable differences. Later, debtors again raised the issue of appointment of counsel in various filings and at hearings, apparently on the basis of inability to pay counsel rather than inability to find an attorney willing to take the case.

**2.** The hearings on December 19, 1994 and January 9, 1995 resulted in three orders and a judgment entered January 6 and January 17, 1995.

**3.** Congress has authorized a three-year pilot project for waiver of fees for *in forma pauperis* debtors in Chapter 7 cases in six selected districts. The Western District of Missouri is not one of the six pilot districts. The three-year project commenced October 1, 1994 and is to be supervised by the Judicial Conference of the United States. *See* Pub.L. 103–121, § 111(d)(3); 28 U.S.C.A. § 1930, Statutory Notes, Report on Bankruptcy Fees.

security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor.

\* \* \* \* \* \*

(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Section 1915(a) is not applicable in bankruptcy because 28 U.S.C. § 1930(a), which provides the bankruptcy fee schedules, states:

Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following filing fees:

(1) For a case commenced under Chapter 7 or 13 of title 11, $130.

Therefore, filing fees for commencing a case under the Bankruptcy Code are expressly excepted from § 1915(a), the *in forma pauperis* statute. Even though a petitioner might have qualified under § 1915(a) in a district court case, the filing fee in bankruptcy must be paid or the case must be dismissed. *In re Richards*, 92 B.R. 258 (Bankr. S.D.Ohio 1988). It is constitutional for Congress to require a debtor to pay the entire filing fee. *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

■ The Supreme Court in *Kras* held that 28 U.S.C. § 1915(a) was inapplicable in bankruptcy proceedings. 409 U.S. at 440, 93 S.Ct. at 635. The requirement in § 1930 that an indigent petitioner for voluntary bankruptcy pay filing fees does not deny the petitioner equal protection of the laws and there is no constitutional right to a bankruptcy discharge. *Id.* at 446, 93 S.Ct. at 638. The right to a bankruptcy discharge is not a fundamental right demanding a compelling government interest before it can be regulated. *Id.* The requirement that bankruptcy petitioners pay filing fees has a rational basis; therefore, it does not violate equal protection of the laws as applied to indigent persons. *Id.* at 447–48, 93 S.Ct. at 639.

Debtor has refused to comply with an order to pay the balance of the filing fee. By separate order the Chapter 13 case will be dismissed for failure to pay the bankruptcy filing fee, as previously ordered, and also pursuant to the Trustee's motion to dismiss for failure to file a confirmable plan.

### B. Appeals From Bankruptcy Cases

■ Debtors' affidavit presents the issue of whether debtors are entitled to proceed *in forma pauperis* on an appeal from a bankruptcy matter when they are not entitled to proceed *in forma pauperis* on the underlying bankruptcy matter. Title 28 U.S.C. § 1930(c) requires an appellant to pay a filing fee of $105 to the Clerk of the Bankruptcy Court. The fee must accompany each notice of appeal under Bankruptcy Rule 8001(a). In an exhaustive analysis, the Ninth Circuit affirmed the dismissal of a pro se debtor's appeal for failure to pay the filing fee because § 1915(a) applies only to "courts of the United States," which does not include bankruptcy courts, so the debtor was not entitled to *in forma pauperis* status in an appeal from bankruptcy court. *In re Perroton*, 958 F.2d 889 (9th Cir.1992).

The phrase "courts of the United States" is defined in 28 U.S.C. § 451 as:

The Supreme Court of the United States, courts of appeals, and district courts constituted by Chapter 5 of this Title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

In a comprehensive analysis of the issue, including all relevant cases, statutes and legislative history, *Perroton* explained that a proposed statutory change which would have included bankruptcy courts in the definition of § 451 had been deleted and there was a "clear expression of congressional intent to exclude the bankruptcy court from those courts authorized to waive fees under § 1915(a) given the legislative history of § 451." 958 F.2d at 895–96.

*Perroton* relied in part on a case from the Western District of Missouri, *In re Broady*, 96 B.R. 221, 222–23 (Bankr.W.D.Mo.1988).

*Broady* denied *in forma pauperis* status on a bankruptcy appeal because bankruptcy courts are not Article III courts and therefore are not "courts of the United States" in the technical sense. "Accordingly, it appears that bankruptcy courts may not grant leave to appeal in forma pauperis as provided in section 1915(a), Title 28, United States Code." *Id.* at 223.

*Perroton,* 958 F.2d at 895, rejected bankruptcy court decisions such as *In re Moore,* 86 B.R. 249 (Bankr.W.D.Okla.1988), which found bankruptcy courts could grant *in forma pauperis* status and waive fees, including appeal fees. *Perroton* also rejected an argument that appeal fees should be waived because the Judicial Conference rule which contains the fee schedule, reprinted in 28 U.S.C. § 1930, would be internally inconsistent because it provides that debtors do not have to pay the filing fee for an adversary action, but the same schedule requires a fee for an appeal from a bankruptcy court's judgment in an adversary action. *Perroton* noted that there are "no exceptions and this fee must be paid by all appellants." 958 F.2d at 894, n. 15. Even if the rule promulgated by the Judicial Conference contained an inconsistency, "that does not change the fact that, since a bankruptcy court is not a 'court of the United States' within the meaning of § 1915(a), it has no authority to act under that section and thus is powerless to remedy the incongruity." 958 F.2d at 894.

Two bankruptcy cases from the Western District of Missouri reached the same result as *Perroton* and held there is no right for debtors to prosecute appeals *in forma pauperis.* The first, *Broady,* is discussed above. The second case, *In re Odessa Mfg. Corp.,* 97 B.R. 1000, 1001[2] (Bankr.W.D.Mo.1989), relied on *Broady* and *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (no constitutional right to a bankruptcy discharge). It appears the Eighth Circuit Court of Appeals has not directly addressed the § 451 issue, but in dicta the Court stated that "it is questionable whether a bankruptcy court falls within the definition of 'courts of the United States'...." *In re Arkansas Communities, Inc.,* 827 F.2d 1219, 1221 (8th Cir.1987) (regarding whether bankruptcy

court could impose sanctions pursuant to 28 U.S.C. § 1927). *See also In re Harris,* 156 B.R. 814, 815 (Bankr.E.D.Mo.1993) (creditor is not entitled to proceed *in forma pauperis* in bankruptcy).

The reasoning in *Perroton* is persuasive. Following *Perroton* and the case law in this district, the court finds there is no authority to permit waiver of the filing fee in an appeal from a bankruptcy proceeding.

■■■ Pursuant to Bankruptcy Local Rule 8.007 and a General Order of the District Court for the Western District of Missouri, entered October 30, 1986 (Local Rule Appendix 8.006), the Bankruptcy Court may dismiss appeals for appellant's failure to perfect the appeal. If the appeal fees are not paid to the Bankruptcy Clerk's Office as required by 28 U.S.C. § 1930 and Bankruptcy Rule 8001(a), the appeals cannot be perfected. Debtors must pay the filing fees for the notices of appeal within 10 days or the notices of appeal will be dismissed.

### C. Appointment of Counsel in Bankruptcy Cases

■■■ In *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), which held that § 1915(a) does not apply to bankruptcy cases, the Supreme Court did not decide whether § 1915(d), for appointment of counsel, is also vitiated with respect to bankruptcy proceedings. *In re Fitzgerald,* 167 B.R. 689, 691 (Bankr.N.D.Ga.1994), stated that "[s]ince § 1915(a) is not available in bankruptcy cases, § 1915(d) is probably not applicable to bankruptcy cases." *Fitzgerald* found that "any such person" in § 1915(d) referred to the "person" in § 1915(a), who had been denied permission to proceed *in forma pauperis* in bankruptcy by § 1930. There is no provision to appoint or pay counsel for debtors who do not wish to proceed pro se and cannot afford to pay counsel.

The *Fitzgerald* debtor made five arguments for appointment of counsel: 1) he was not able to afford counsel and had not been able to retain counsel; 2) the issues in the case were complex; 3) the prison library was inadequate; 4) he was not familiar with bankruptcy law; and 5) justice was not being

**198**

served. As explained in *In re Fitzgerald*, 167 B.R. 689, 692:

> Debtor's statement that he is not able to afford counsel and that he has been unsuccessful in retaining counsel unfortunately applies to many Chapter 7 debtors. Similarly, debtor's statement that he has a limited knowledge of bankruptcy law also applies to many, if not most, debtors.... If financial inability to hire a lawyer and lack of expertise in bankruptcy law justified court-appointed counsel, a great many Chapter 7 debtors would qualify for *in forma pauperis* relief.

*In re Gherman* also declined to appoint counsel for the debtor, stating: "As provided by the current statute [28 U.S.C. § 1915], *in forma pauperis* status may be claimed in any civil or criminal action or on appeal. *The one exception to this statement is bankruptcy proceedings as the Supreme Court has held that the statute is not applicable to those actions.*" *In re Gherman*, 105 B.R. 712, 713 (Bankr.S.D.Fla.1989) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 2673) (emphasis in original). Even if § 1915(d) did apply in bankruptcy court, the section does not authorize expenditure of federal funds to appoint counsel, and does not authorize the court to order an unwilling lawyer to represent the indigent debtor.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1930 and reasons stated above, debtors are required to pay a filing fee for each notice of appeal. There is no statutory authority to permit debtors to proceed *in forma pauperis* in the bankruptcy case or the appeals of the bankruptcy matters.

Accordingly, it is **ORDERED** as follows:

1. The request by debtors to proceed with two appeals *in forma pauperis* is denied.

2. Debtors shall pay to the Bankruptcy Clerk's Office the filing fees of $105.00 for each notice of appeal within 10 days.

3. If the filing fee for a notice of appeal is not filed within 10 days from the date of this order, the notice of appeal will be dismissed without further notice.