**Alvin Robert ALEXANDER,**
**Plaintiff-Appellant,**

v.

**Officer Donald A. RAMSEY, and G. D. Sullenger, Central Division Jail, Los Angeles, California, Defendants-Appellees.**

No. 75–2524.

United States Court of Appeals,
Ninth Circuit.

July 19, 1976.

Alvin Robert Alexander, in pro per.

Burt Pines, City Atty., and Burk Wiedner, Deputy City Atty., Los Angeles, Cal., for defendants-appellees.

Before WRIGHT and WALLACE, Circuit Judges, and SOLOMON,* Senior District Judge.

PER CURIAM:

Appellant's civil rights action against the police officers who arrested him on the state charges for which he is now incarcerated was dismissed without prejudice by the district court. The dismissal was prompted by the tolling of the applicable statute of limitations during appellant's incarceration. *Ney v. State of California,* 439 F.2d 1285, 1287 (9th Cir. 1971), and the apparent inability of appellant to prosecute the action without the aid of counsel.

■ Appellant attempted to avoid the difficulties created by incarceration for the prosecution of the action by moving for the appointment of counsel pursuant to 28 U.S.C. § 1915(d). Such motions are addressed to the district court's sound discretion and they are granted only in exceptional circumstances. *United States v. Madden,* 352 F.2d 792 (9th Cir. 1965).

■ But the district court did not rule on appellant's motion. It should have. We therefore remand the case to the district court in order that it might have an opportunity to consider the question. In so doing, we imply no view of the merits of that question or of the underlying action. We do note, however, that incarceration does not foreclose access to the courts and the use of legal process to remedy civil wrongs. *Cancino v. Sanchez,* 379 F.2d 808, 809 (9th Cir. 1967). *See also Peterson v. Nadler,* 452 F.2d 754 (8th Cir. 1971). This factor should be considered when passing on appellant's motion for the appointment of counsel.

The judgment of the district court is vacated and the case remanded for further proceedings consistent with this opinion.