**UNITED STATES of America, Appellee,**

v.

**William F. McQUADE and Wilma N. McQuade, Appellants.**

No. 76–2476.

United States Court of Appeals,
Ninth Circuit.

Aug. 11, 1978.

William F. McQuade and Wilma N. McQuade, in pro per.

Gilbert E. Andrews, Atty., Washington, D. C., for appellee.

Nick O'Malley, Irvine, Cal., for amicus curiae.

Before GOODWIN, WALLACE and HUG, Circuit Judges.

HUG, Circuit Judge:

The government brought this action to foreclose tax liens on real property owned by the McQuades. The Internal Revenue Service made tax assessments against the McQuades for income taxes and telephone excise taxes in the total amount of $14,-236.94. These were not paid and a complaint to foreclose the tax liens followed.

The McQuades filed an answer In Propria Persona and requested that the court appoint counsel to assist in the defense of the action. No specific allegation of poverty or inability to pay costs or attorneys' fees was made. The McQuades did allege that they were unable to obtain an attorney and that in a previous related matter the Federal Public Defender was appointed to assist them.

The government moved for summary judgment. At the oral hearing on the motion for summary judgment, the McQuades renewed their request for appointment of counsel. The following exchange took place:

MR. McQUADE: And we would like to ask your Honor if we could have you appoint us counsel.

THE COURT: I don't have any authority to do that, Mr. McQuade.

MR. McQUADE: For our constitutional rights.

THE COURT: I do not have the authority to do that. This is a civil action.

MR. McQUADE: It is still the United States Government.

THE COURT: I recognize that, but they have not made provisions for civil litigants to get lawyers at the expense of the Government.

The court does have discretionary authority under 28 U.S.C. § 1915(d) to appoint counsel for an indigent to commence, prosecute or defend a civil action.[1] Motions for the appointment of counsel under § 1915(d) are addressed to the sound discretion of the court and are granted only in exceptional circumstances. *Alexander v. Ramsey,* 539 F.2d 25 (9th Cir. 1976); *United States v. Madden,* 352 F.2d 792 (9th Cir. 1965). No mention of this statute was made to the appellants. The refusal to appoint counsel by the court was not based upon a failure to demonstrate indigency under § 1915, nor upon an exercise of discretion that this case was inappropriate for the appointment of counsel, but rather upon the ground that the court had no authority whatsoever to appoint counsel for civil litigants. This ruling of the court was an error of law. *Alexander v. Ramsey, supra.* We remand the case to the district court in order to afford the appellants an opportunity to make an appropriate motion under 28 U.S.C. § 1915, and for the court to exercise its discretion under the provisions of that statute.

The judgment of the district court is vacated and the case remanded for further proceedings consistent with this opinion.

1. "§ 1915. Proceedings in forma pauperis

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

. . . . .

"(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."