In the Matter of Mayurkant J. TRIVEDI, Debtor.

Krishan K. BEDI, et al., Plaintiffs,

v.

Mayurkant J. TRIVEDI, Defendant and Third Party Plaintiff,

v.

Charles E. SCHARFF, et al., Third Party Defendants.

Bankruptcy No. 1–79–02127.

Adv. No. 1–80–0204.

United States Bankruptcy Court, S. D. Ohio, W. D.

July 27, 1982.

R. Edward Tepe, Cincinnati, Ohio, for debtor, defendant and third party plaintiff.

William B. Singer, Cincinnati, Ohio, for plaintiffs.

Thomas J. Geygan, Cincinnati, Ohio, for third party defendants.

R. Edward Tepe, Cincinnati, Ohio, for debtor, defendant and third party plaintiff.

William B. Singer, Cincinnati, Ohio, for plaintiffs.

Thomas J. Geygan, Cincinnati, Ohio, for third party defendants.

## ORDER DENYING MOTION TO DISQUALIFY

BURTON PERLMAN, Bankruptcy Judge.

Following our decision disqualifying original plaintiffs' counsel in the case, successor counsel William Singer, Esq. of Santen, Santen and Hughes took over the representation of plaintiffs. Third party defendant Buddhdev moves for disqualification of successor counsel. The basis for the motion is stated to be that original counsel turned his files over to Singer "and extensively briefed him on the case."

The matter came on for hearing at which time Buddhdev called as witnesses both Hunt, original counsel, and Singer. The evidence was that Hunt had indeed turned his entire files over to Singer. The evidence was further that the contacts between counsel otherwise was nominal, and we find as a fact that Singer was not extensively briefed by Hunt on the case.

We concluded that it was necessary for us to examine in camera the files which had been turned over to Singer by Hunt. Our purpose particularly was to see whether there was any memorandum or other reference to the offending conference between Hunt, Rubin and Buddhdev upon which our prior decision of disqualification rested. Our examination disclosed no such written material. Furthermore, our examination of the contents of the files disclosed nothing prejudicial to Buddhdev. There is reference in the files to the Trivedi deposition and the responses of Trivedi with regard thereto. This material certainly is not work product and having been the subject of deposition is not even confidential.

Buddhdev argues that disqualification of Singer is required by *First Wisconsin Mortgage Trust v. First Wisconsin Corporation*, 74 F.R.D. 625 (E.D.Wis., 1977), contending that that case by prohibiting access by successor counsel to original counsel's work product mandates disqualification where original counsel indiscriminately turns over his entire file to his successor. Buddhdev's counsel characterizes this conduct as tainting successor counsel with the fruit of the poisoned tree. *First Wisconsin*, however, was reversed at 584 F.2d 201 (7th Cir., 1978) after an en banc hearing. The Court of Appeals held that to warrant disqualification a showing must be made of some improper advantage, such as access to confidential information. Applying such a test in the case before us, disqualification is not warranted.

The motion to disqualify Singer, successor counsel, is overruled.

SO ORDERED.