**In the Matter of DEPARTMENT OF BANKING AND FINANCE, STATE OF NEBRASKA, Plaintiff,**

v.

**Marvin E. COPPLE, Defendant.**

**Bankruptcy No. BK87–2737.**

United States Bankruptcy Court,
D. Nebraska.

March 21, 1988.

## MEMORANDUM AND ORDER

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER comes before the Court on Mr. Marvin Copple's request for the Court to appoint counsel to represent him. Mr. Copple made his request during a status hearing held in this adversary proceeding on January 15, 1988 (Fil. # 9).

## FACTS

The Nebraska Department of Banking and Finance filed this adversary procedure in Defendant's bankruptcy case to determine the dischargeability of a debt and discharge of the Debtor. The filing was transferred from the United States Bankruptcy Court for the District of Arizona, where Debtor is now residing. Debtor was represented by counsel in Arizona who re-

quested leave to withdraw after the transfer. Mr. Copple appeared pro se at this status hearing and requested the Court to appoint counsel to represent him. Mr. Copple has not filed an affidavit that he is unable to pay the costs or give security for the employ of an attorney in Lincoln, Nebraska, as required by 28 U.S.C. § 1915(d).

### DISCUSSION

 Normally there is no right to counsel in a civil suit, *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25–27, 101 S.Ct. 2153, 2158–59, 68 L.Ed.2d 640 (1981). Although there is no statutory right for an indigent to have counsel appointed, courts do have the power to make such an appointment, if, at the court's discretion, it determines that the circumstances justify the appointment. *Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir.1971). However, a court may only *request* an attorney to represent an individual. *Rhodes v. Houston*, 258 F.Supp. 546, 579 (D.Neb.1966), *affd.* 418 F.2d 1309 (8th Cir.1969); *cert. denied*, 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970). Section 1915(d) does not authorize the expenditure of federal funds for the appointed counsel, nor would payment out of the bankruptcy estate be appropriate since there is no benefit to the estate. *See, In re New Haven Radio, Inc.*, 18 B.R. 495 (Bankr.D.Conn.1982).

Where the party requesting appointment of counsel has not complied with the requirements of 28 U.S.C. § 1915, the Court has no way of determining whether or not the person meets the statutory criteria. The fact that the Debtor in this instance is involved in a case under Chapter 7, is not alone sufficient to establish indigency under that statute. *See, United States v. McQuade*, 579 F.2d 1180 (9th Cir.1978), appeal after remand, 647 F.2d 938 (9th Cir.1981), *cert. denied*, 455 U.S. 958, 102 S.Ct. 1450, 71 L.Ed.2d 677 (1982).

Debtor-defendant has shown neither exceptional circumstances which would warrant the Court to request counsel to represent him, nor filed the affidavit of indigency required by Section 1915. Accordingly, the Court will not make a request to an attorney to represent Mr. Copple in this bankruptcy proceeding.

IT IS ORDERED, that Defendant, Mr. Copple's request for appointment of counsel is denied.