**In re Stanley FLOWERS, AKA Stanley Kwiatkowski, Debtor.**

**NATIONAL CITY BANK, Cardinal Federal Savings Bank, Plaintiffs,**

v.

**Stanley FLOWERS, AKA Stanley Kwiatkowski, Defendant.**

**Bankruptcy No. B87–1753.**

**Adv. Nos. B87–531, B87–532.**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 22, 1988.

Stanley Kwiatkowski, aka Stanley Flowers, pro se.

Robert Storey, Cleveland, Ohio, trustee.

Lee Kravitz, Cleveland, Ohio, for Cardinal Federal Sav. Bank and Nat. City Bank, Weltman, Weinberg & Associates.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the Motion of Stanley Flowers (Debtor) seeking appointed counsel to represent him in these bankruptcy proceedings. A hearing was scheduled with due notice having been served upon all parties entitled thereto. Pursuant to Rule 7052, Bankr.R., the following constitutes the Court's findings and conclusions:

This is a core matter under 28 U.S.C. § 157, with jurisdiction further provided under 28 U.S.C. § 1334, and General Order No. 84 of this District. Herein, the Debtor, *pro se*, seeks appointed counsel to represent him in his bankruptcy proceedings. Alleging that the subject adversary proceedings charge him with having committed conduct of a criminal nature, he asserts that he is entitled to appointed legal representation.

The dispositive issue is whether a debtor in bankruptcy is entitled to appointed coun-

sel. A bankruptcy proceeding is civil in nature. Neither the Bankruptcy Code, Bankruptcy Rules, or Federal Rules of Civil Procedure authorize appointed counsel for individual debtors in bankruptcy matters. In fact, the Code and the procedural rules are silent regarding the subject, and the Debtor has cited no authoritative support for his motion. Rule 9010, Bankr.R., addresses representation and appearances, *inter alia,* but does not address appointed counsel. The Sixth Amendment to the U.S. Constitution addresses a right to counsel but extends that right only to criminal and quasi-criminal proceedings. *Hannah v. Larche,* 363 U.S. 420, 440, 80 S.Ct. 1502, 1513, 4 L.Ed.2d 1307 (1960); *In re Martin–Trigona,* 737 F.2d 1254 (2d Cir.1984), *cert. den.* 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed. 2d 782 (1986). Section 1915(d) of Title 28, United States Code also affords federal courts discretion to appoint counsel; however, that provision is inapplicable to bankruptcy proceedings. *See, U.S. v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). Further, the Debtor's apparent belief that the subject adversary proceedings are criminal in nature is not well-founded. Both adversaries seek a determination of dischargeability of debt. Such matters are clearly adversary proceedings within the jurisdiction of the Bankruptcy Court as allowed under provisions of 28 U.S.C. § 157(b)(2)(I) and Rule 7001, Bankr.R. Although the Debtor has a right to retain counsel, that right does not require the government to provide counsel for litigants in civil matters. *See, Potashnick v. Port City Construction Co.,* 609 F.2d 1101 (5th Cir.1980), *cert. den.* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22; *Hullam v. Burrows,* 266 F.2d 547 (6th Cir.1959); *In re Trivedi,* 22 B.R. 246 (Bankr.S.D.Ohio 1982).

Accordingly, the Debtor's motion for appointed counsel is hereby denied.

IT IS SO ORDERED.