**In re Henry GHERMAN, First Financial Planning Corporation of South Florida, Inc., Financial & Investment Planning, Inc. (AKA) Fip, Inc., Debtors.**

**Bankruptcy No. 88–03266–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

May 22, 1989.

David D. Bird, Asst. U.S. trustee, Miami, Fla.

Ronald R. Peterson, Jenner & Block, Chicago, Ill., John W. Kozyak, Miami, Fla., for Chapter 11 trustee.

Schantz, Schatzman, Aaronson & Berlin, P.A., Miami, Fla., for Chapter 11 Creditors' Committee.

Kelley Drye & Warren, Smathers & Thompson, Joel M. Aresty, Miami, Fla., for debtors Henry Gherman and Financial & Inv. Planning.

## ORDER DENYING DEBTOR'S REQUEST TO PROCEED IN FORMA PAUPERIS

THOMAS C. BRITTON, Chief Judge.

On May 19, the debtor, Gherman, in pro per, wrote me a letter, attaching a *District Court* form "Motion to Proceed in Forma Pauperis" and in his letter requested that I grant his request and provide him with an attorney skilled in bankruptcy law and provide him with a copy of all documents, transcriptions, depositions, and correspondence relating to his bankruptcy case.

The motion is denied.

■ The Sixth Amendment addresses a right to counsel but extends that right only to criminal and quasi-criminal proceedings. *Hannah v. Larche*, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); *In re Martin-Trigona*, 737 F.2d 1254 (2nd Cir.1984), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986). Section 1915(d) of Title 28 U.S.C. also affords Federal Courts discretion to appoint counsel; however, that provision is inapplicable to bankruptcy proceedings. *See, U.S. v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). *In re Flowers*, 83 B.R. 953, 954 (Bankr.N.D.Ohio 1988).[1]

■ Mr. Gherman has been ably represented by experienced bankruptcy counsel since the inception of this case. There is no pending motion set for hearing before this court by that attorney requesting that he be released from that representation. As an alternative argument to allow the debtor's exemptions, a totally separate issue, that attorney included a motion to withdraw within a memorandum addressed to the exemption issue. (CP 329). Deter-

mination of the allowance of exemptions is under advisement.

DONE and ORDERED.

---

1. The contrary conclusion reached in *In re DuPage Boiler Works, Inc.*, 97 B.R. 437 (Bankr.N.D. Ill.1989), which does not discuss any of the foregoing precedent, is neither binding upon or persuasive to this court.