156 B.R. 814 (1993)
In re Alphonso HARRIS, Petitioner (Creditor),
v.
M.E.I. DIVERSIFIED INC., et al., Defendants (Debtor).
Misc. No. 93-4005-172, Cause Nos. 4-93-31704-93-3178.
United States Bankruptcy Court, E.D. Missouri, E.D.
July 13, 1993.
Alphonso Harris, Chesterfield MO, pro se.

ORDER
JAMES J. BARTA, Bankruptcy Judge.
On July 13, 1993, Alphonso Harris filed several documents with the United States Bankruptcy Court for the Eastern District *815 of Missouri. The documents refer to several bankruptcy cases that may be pending before the Bankruptcy Court in Minneapolis, Minnesota. The Debtor is described in these documents as M.E.I. Diversified, Inc. (et. al.). Other than these referenced documents filed this date, the Court has not identified any other matter that is pending before the Bankruptcy Court for the Eastern District of Missouri concerning any of these parties.
The documents are captioned as follows:
(1) Proof of Claim.
(2) Motion For Temporary Restraining Order Against Debtor Who Has Case Pending In United States Bankruptcy Court.
(3) Motion For Preliminary Injunction And/Or Permanent Injunction Against Debtor Who Has Case Pending In United States Bankruptcy Court.
(4) Petition And/Or Complaint In Support Of Temporary Restraining Order And Preliminary And Permanent Injunction Against Debtor Who Has Case Pending In United States Bankruptcy Court.
(5) Application To Proceed Without Prepayment Of Costs And Affidavit In Support Thereof.
Documents No. 2 and 3 request injunctive relief which must be prosecuted in connection with an Adversary Proceeding pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure ("FRBP").
Document No. 4 requests relief in the form of money judgments. Pursuant to Rule 7001(1), FRBP, an action to recover money or property is to be prosecuted by means of an Adversary Proceeding.
An Adversary Proceeding is commenced by filing an Adversary Complaint and other documents with the Court pursuant to Rule 7003, FRBP, and Rule 3, Federal Rules of Civil Procedure ("F.R.Civ.P").
Sections 1930(b) and 1914(b) of Title 28 of the United States Code require that a filing fee be paid to the Clerk of the Court upon filing an Adversary Proceeding under Title 11 of the United States Code. No fee was paid in this matter.
Document No. 5 contains no reference to a statutory or other basis upon which the request to waive prepayment of fees may be granted. Section 1915(a) of Title 28 of the United States Code provides that the prepayment of fees and costs may be waived by a court of the United States. Pursuant to 28 U.S.C. § 1930, fees are to be paid to the Clerk of the Bankruptcy Court at the commencement of certain proceedings including adversary proceedings. See 28 U.S.C. § 1930(a) and (b); 28 U.S.C. § 1914(b). The Bankruptcy Court Fee Schedule, Administrative Office of the United States Courts sets forth the amounts required to be paid at the commencement of an Adversary Proceeding. "Section 1930 takes bankruptcy out of the proceedings in forma pauperis set out in § 1915." In re Rogers, 147 B.R. 16, 17 (Bankr.E.D.Va.1992). See also, U.S. v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); In re Perroton, 958 F.2d 889 (9th Cir.1992).
Notwithstanding these determinations which require denial of these requests, after a review of all the documents in this matter the Court has concluded that if venue were to be determined to be proper in this District, this record has presented no basis upon which the Court can grant relief under 11 U.S.C. § 105.
IT IS ORDERED that the application of Alphonso Harris to proceed in these matters without prepayment of costs is denied; and
That the motion of Alphonso Harris for a temporary restraining order is denied for want of cause and for want of an Adversary Proceeding; and
That the motion of Alphonso Harris for a preliminary and/or permanent injunction is denied for want of cause and for want of an Adversary Proceeding; and
That the requests of Alphonso Harris for an award of money judgments and for other relief set out in Document No. 4 are denied for want of cause and for want of an adversary proceeding.