**In re George Daniel LAMB, Debtor.**

**Bankruptcy No. 96–48947–293.
Motion No. 8.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 14, 1997.

George Daniel Lamb, St. Louis, MO, pro se.

David A. Sosne, St. Louis, MO, Trustee.

Steven N. Cousins, Armstrong, Teasdale, Schlafly & Davis, St. Louis, MO.

1. Section 1915(d) only empowers a court of the United States to request an attorney to represent an indigent party and does not authorize such a court to compel an attorney to undertake representation of an indigent party. See *Rhodes v.*

## ORDER

DAVID P. McDONALD, Bankruptcy Judge.

George Daniel Lamb filed his voluntary Chapter 7 case on October 24, 1996. On January 8, 1997, he filed Motion 8 To Enforce Creditor To Stop Flooding Basement and To Appoint Debtor A Counsel. In support of his request for an appointment of attorney to assist him, Mr. Lamb relies on 28 U.S.C. § 1915(d) (hereinafter section 1915(d)).[1]

It is settled that the *forma pauperis* provisions of 28 U.S.C. § 1915(a) (hereinafter section 1915(a)) which generally authorize federal courts to waive costs in civil litigation, are not available in bankruptcy court. *See United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) and 28 U.S.C. § 1930.

Courts are divided, however, as to whether the provisions of section 1915(d) apply to bankruptcy courts. *Compare In re Ennis*, 178 B.R. 192 (Bankr.W.D.Mo.1995) (section 1915(d) probably does not apply in bankruptcy); *In re Fitzgerald*, 167 B.R. 689, 690–91 (Bankr.N.D.Ga.1994) (holding debtor did not make showing of exceptional circumstances necessary to prevail on motion for appointment of counsel and noting in dicta that 1915(d) is probably not available in bankruptcy); *Harris v. M.E.I. Diversified Inc*, 156 B.R. 814 (Bankr.E.D.Mo.1993) ("Section 1930 [Title 28 U.S.C.] takes bankruptcy out of the proceedings in forma pauperis set forth in § 1915."); *In re Gherman*, 101 B.R. 368 (Bankr.S.D.Fla.1989) (section 1915(d) "inapplicable to bankruptcy proceedings"); *National City Bank v. Flowers*, 83 B.R. 953 (Bankr.N.D.Ohio 1988) ("Section 1915(d) ... affords federal courts discretion to appoint counsel ... [but is] inapplicable to bankruptcy proceedings."); *with In re Reed*, 178 B.R. 817 (Bankr.D.Ariz.1995) (utilizing 1915(d) to dismiss debtor's motion to remove trustee as frivolous after previously granting debtor informa pauperis status); *Shumate v.*

*Houston*, 258 F.Supp. 546, 579 (D.Neb.1966), *aff'd* 418 F.2d 1309 (8th Cir.1969), *cert. denied* 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970).

*Signet Bank,* 91 B.R. 23, 25–26 (Bankr. W.D.Va.1988) (rejecting creditor's argument that section 1915 is not available to debtors because bankruptcy courts are not courts of the United States as that term is used in 28 U.S.C. § 451); *Dept. of Banking and Finance, State of Nebraska v. Copple,* 84 B.R. 163 (Bankr.D.Neb.1988) (assumes bankruptcy court has power to request that attorney represent debtor but denies debtor's request for appointed counsel because debtor failed to show exceptional circumstances warranting appointment). *See also Graham v. Lennington,* 74 B.R. 967 (Bankr.S.D.Ind.1987); *In re Robinson,* 196 B.R. 459, 460 (Bankr. E.D.Ark.1996) (denying debtor's request to pursue appeal without paying fees because debtor failed to show indigence; noting law unclear whether informa pauperis status available in bankruptcy).

Section 1915 provides:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

.    .    .    .    .

(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Subsections (a) and (d) are related. For example, the "person" referred to in subsection (a) serves as an antecedent for the phrase "any such person" in subsection (d). *In re Fitzgerald,* 167 B.R. at 691. Similarly, the Court believes that the phrase "any court of the United States" in subsection (a) serves as an antecedent to the phrase "the court" in subsection (d).

The Ninth Circuit has held that a bankruptcy court is not a "court of the United States" within the technical definition of that phrase provided by 28 U.S.C. § 451 (hereinafter section 451). *See In re Perroton,* 958 F.2d 889 (9th Cir.1992). The *Perroton* court began its analysis whether a bankruptcy court is a court of the United States within the meaning of section 451 by noting that section 451 defines a court of the United States to include: "the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." *Id.* at 891 (quoting 28 U.S.C. § 451). The circuit court found that Congress's use of the phrase "judges of which are entitled to hold office during good behavior" created an ambiguity in section 451 because, on the one hand, the language mirrors the language of Article III of the Constitution and might have been meant to serve as a synonym for Article III judges. On the other hand, the phrase arguably describes bankruptcy judges (one group of non-Article III judges) because a bankruptcy judge may be removed from office before the completion of his or her fourteen-year term "for incompetence, misconduct, neglect of duty, or physical or mental disability." *Id.* at 893 (quoting 28 U.S.C. 152(a)(1) & (e)).

After determining that the plain language of section 451 was ambiguous, the Ninth Circuit examined the section's legislative history. The circuit court's inquiry revealed that in 1978 Congress added the language "and bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years" to section 451. *Id.* at 894. However, the addition of bankruptcy courts to the definition of a "court of the United States" was eliminated by a later amendment before the addition ever took effect. *Id.* The Ninth Circuit concluded that Congress did not intend for the term "court of the United States" to include bankruptcy courts. Like our sister court in the Western District of Missouri, we are persuaded by the *Perroton* court's reasoning. *See In re Ennis,* 178 B.R. 192, 196 (Bankr.W.D.Mo.1995).

The Court finds further support for its adoption of the *Perroton* court's reasoning in *In re Arkansas Communities, Inc.,* 827 F.2d

1219, 1221 (8th Cir.1987). The *Arkansas Communities* court was presented with the argument that because a bankruptcy court was not a court of the United States it could not impose sanctions under 28 U.S.C. § 1927 which, like section 1915(a), refers to "any court of the United States." *Id.* at 1220. In dicta the Eighth Circuit noted that "it is questionable whether a bankruptcy court falls within the definition of "courts of the United States for purposes of imposing sanctions [under 28 U.S.C. § 1927]." *Id.* at 1221.

Having concluded, one, that section 451's technical definition of a "court of the United States" does not include a United States bankruptcy court, and two, that the term "the court" in section 1915(d) refers to "a court of the United States," the Court holds that it may not invoke section 1915(d) and request an attorney to represent the debtor in this case. Accordingly, it is

ORDERED that debtor's request for appointment of counsel IS DENIED.