**In re Carl David BLAKEMAN, Debtor.**

**Carl David Blakeman, Plaintiff,**

v.

**United States of America, Defendant.**

**Bankruptcy No. 96–32150.**
**Adversary No. 97–3150.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Oct. 13, 1999.

` Philip R. Joelson, Toledo, OH, for Carl David Blakeman.

Gregory S. Nickerson, Washington, DC, for IRS, IRS Dept. of Treasury, U.S. Atty.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, plaintiff (debtor in related Chapter 7 bankruptcy case 96–32150) filed a complaint seeking a declaration that taxes totaling $125,324.36, owed by plaintiff for the years 1980, 1981, 1982, 1983, 1993, and 1994, are dischargeable. In its answer to plaintiff's complaint, defendant asserts that these taxes are nondischargeable.

The defendant has now filed a motion for summary judgment and supporting memorandum of law. Accompanying its motion is evidentiary material consisting of Internal Revenue Service Certificates of Assessment and Payments for tax years 1981, 1982, and 1983, the deposition transcript of plaintiff, and related transcript exhibits, including plaintiff's tax returns for tax years 1980, 1981, 1982, 1983, 1984 and 1985. Plaintiff has filed a response to defendant's motion, but offers no supporting evidentiary materials. In addition, defendant has filed a reply memorandum to plaintiff's response.

It is defendant's position on this motion that plaintiff's tax liabilities for years 1980 through 1983 are nondischargeable pursuant to 11 U.S.C. § 523(a)(c)(1) because plaintiff willfully attempted to evade or defeat such tax. In addition, for years 1993 and 1994, defendant argues that these tax obligations are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A) which makes nondischargeable taxes due within three years of plaintiff's July 1, 1996 bankruptcy petition.

Motions for summary judgment are governed by F.R.Civ.P. 56 which is incorporated into bankruptcy practice by F.R.B.P. 7056. That rule provides in part that a

motion for summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of showing that there is no issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party, however, bears the ultimate burden of showing that a genuine issue of material fact exists. In doing so, the nonmoving party cannot rest on its pleadings, but must, in response, offer some evidence which demonstrates a genuine issue of material fact for trial. *Id.*

The statute of the Bankruptcy Code here pertinent provides:

### § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -

(1) for a tax or a customs duty -

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed; [or]

\* \* \* \* \* \*

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

\* \* \* \* \* \*

## I. Tax Years 1980, 1981, 1982, and 1983

■ In order for a debt to be nondischargeable pursuant to § 523(a)(1)(C), it must be shown that (1) the debtor had a duty to file income tax returns; (2) the debtor knew he had such a duty; and (3) the debtor voluntarily and intentionally violated that duty. *Fegeley v. Fegeley*, 118 F.3d 979, 984 (3d Cir.1997); *see also In re Toti*, 24 F.3d 806 (6th Cir.1994). On this

motion, defendant bears the burden to make such showing by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also In re Sumpter*, 170 B.R. 908 (E.D.Mich.1994), *aff'd*, 1995 WL 501947 (6th Cir. Aug. 22, 1995).

■ That the debtor had a duty to file income tax returns for the years 1980 through 1983 is certain. The record before the court establishes that for those years debtor earned income of $21,684.00, $28,441.00, $27,683.00, and $31,266.00, respectively. Earning that income made mandatory the filing of federal income tax returns. The record before the court further shows that for years 1980 through 1983 debtor's withholding tax was $1,736.00, $108.00, $0, and $252.00, respectively. The fixing of the amount of the withholding was in the hands of the debtor, and this was true at the time that tax liability accrued. It is reasonable to infer, and we do infer, from the fact that debtor dealt with withholding during the years 1980 through 1983, that he knew he had a duty to file income tax returns and pay income tax. Thus, the first two prongs of the *Fegeley* test are met.

There remains then the third question, did the debtor voluntarily and intentionally violate his duty to file income tax returns. The respective arguments by the parties as to the third question follow. Defendant argues that the circumstantial evidence establishes that debtor did voluntarily and intentionally fail to file returns for 1980 through 1983. In support of this thesis, defendant says that the requisite intent is established by the following evidence: (1) debtor's membership in a "tax protester" organization which advocates the nonfiling of tax returns and whose very goal is to evade the payment of tax, (2) his failure to timely file his returns, (3) his failure to make voluntary payments toward his tax liabilities, and (4) his submission of false Forms W–4 to reduce and virtually eliminate his federal income tax withholding.

Plaintiff makes the following arguments in opposition to the foregoing elements of evidence. First, plaintiff argues that the evidence does not show that plaintiff was a member of a tax protester organization, nor that plaintiff believed the views of that organization. Plaintiff says that the evidence shows only that plaintiff attended one meeting of the organization, had a few phone conversations with one of its members, and never paid membership dues to the organization. Second, with respect to defendant's position that plaintiff's failure to timely file tax returns is a relevant fact, that fact is not disputed. Instead, plaintiff refers to the case upon which defendant relies to show that this evidences intent. *Toti v. United States*, 24 F.3d 806 (6th Cir.1994). Plaintiff argues that the facts in *Toti* are different than those in the present case. In essence, plaintiff argues that in the absence of evidence that a taxpayer had the means to pay his tax obligations, his failure to do so is not evidence of an intent to evade.

Plaintiff disputes defendant's third point (that a failure to make voluntary payments toward his tax liabilities evidences an intent to evade) on the same ground as the preceding. That is, plaintiff suggests that the failure to make voluntary payments may have been the result of an inability to do so. The fourth and final factual basis upon which defendant relies for proof of intentional evasion is that debtor submitted false W–4 forms. As to this, plaintiff argues that defendant, admittedly, does not have copies of these documents, and therefore is not entitled to make this argument.

After careful consideration of the record and the arguments of the parties, the court concludes that defendant is entitled to summary judgment on its present motion and has satisfied the requirements of summary judgment with respect to all three of the *Fegeley* elements. As we have seen, there can be no dispute about the first two of the *Fegeley* elements: the debtor had a duty to file income tax returns and he knew that he had such a duty. We hold that debtor voluntarily and intentionally violated that duty. Defendant's evidence in this regard is sufficient to compel a conclusion of deliberate evasion, particularly since plaintiff has offered no evidence on this motion in opposition to that presented by defendant. That plaintiff had some contact with a tax protester organization at the time that he failed to file federal income tax returns is some evidence of intent. We agree that by itself such contact is insufficient to compel a conclusion of intent to evade, but it is *some* evidence of that intent. It is not necessary to establish that plaintiff was actually a member of the organization for this element to come into play. The same remark applies equally to plaintiff's failure timely to file his tax returns for 1980 through 1983; this is some evidence of an intent to evade.[1] As to the third part of defendant's circumstantial presentation, that failure to make any payments is some evidence of an intent to evade, we find that this record is sufficient to establish that plaintiff could have made payments; plaintiff's assertion that the record does not support this conclusion fails, particularly in the absence of contrary evidence by plaintiff.

■ We find persuasive defendant's argument that we should draw adverse inferences from plaintiff's repeated assertion of privilege under the Fifth Amendment at his deposition in response to questions about his income and expenses for years 1980 through 1983. A court may draw an adverse inference from a litigant's refusal to testify in civil matters, *see Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), and it is well

---

1. Defendant disputes whether any returns were filed by plaintiff for the period in question. According to plaintiff's deposition testimony, returns were prepared by a certified public accounting firm on his behalf for years 1980 through 1985, and then hand delivered to IRS agents. Whether such returns were in fact delivered to agents as asserted by plaintiff, it appears undisputed that if returns were filed, they were filed after 1985.

settled that a bankruptcy proceeding is civil in nature. *See, e.g., In re Tripp*, 224 B.R. 95 (Bankr.N.D.Iowa 1998); *In re Flowers*, 83 B.R. 953 (Bankr.N.D.Ohio 1988). Further, "[w]hile a debtor is free to assert [the] fifth amendment privilege against self-incrimination during the bankruptcy proceedings, [he] 'may not turn the shield of the Fifth Amendment into a sword to cut h[is] way to a discharge.'" *In re Brady*, 154 B.R. 82, 86 (Bankr.W.D.Mo.1993)(quoting *In re Connelly*, 59 B.R. 421, 447–48 (Bankr.N.D.Ill. 1986)). Accordingly, we find that plaintiff's repeated refusal to answer questions related to his 1980 through 1983 income requires an inference that he had the means to make payments.

Nor has plaintiff succeeded in disarming the fourth component of defendant's circumstantial case, that false W–4 forms were filed. Plaintiff argues that defendant cannot make this assertion since the forms themselves are absent from the record. But the record does show that plaintiff earned significant income during each of the years 1980 through 1983 and further shows that plaintiff had virtually no taxes withheld from his earnings for most of those years. By statute, an employer must withhold a significant percentage of an employee's pay unless the employee files a Form W–4. Absent the submission of a false W–4 form, debtor would have had significant taxes withheld from his earnings during the years 1980 through 1983. We have no doubt, therefore, that false Forms W–4 were filed.

It is our conclusion that defendant has satisfied the difficult burden of establishing that it is entitled to summary judgment, based on its circumstantial evidence, that plaintiff willfully evaded his tax obligations for the years 1980 through 1983. In reaching this conclusion, we are mindful that plaintiff, the taxpayer/debtor, filed no affidavit or other evidence in opposition to the present motion. Further, while we may not, in considering a motion for summary judgment resolve issues of fact, cases such as *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476–77 (6th Cir.1989) require that before a motion for summary judgment can be denied, more than just a suggestion of an issue of fact, a scintilla of evidence, be shown to support the position of a party resisting the motion. The *Street* case initiated a "new era" for summary judgment in the Sixth Circuit. In this "new era" of summary judgment, after the movant establishes a prima facie case demonstrating the absence of a genuine issue of material fact the burden is upon the non-movant to establish that a "'rational trier of fact [could] find for the non-moving party [or] that there is a "genuine issue for trial."'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir.1989) (quoting *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). The non-movant is obligated to provide concrete evidence establishing the existence of a genuine issue of fact. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989). We hold that defendant has satisfied these criteria and is entitled to summary judgment, that plaintiff willfully attempted to evade federal income tax for 1980 through 1983 and therefore those tax obligations are not dischargeable.

## II. Tax Years 1993 and 1994

Defendant argues that plaintiff's taxes for years 1993 and 1994 are nondischargeable pursuant to § 523(a)(1)(A), which makes nondischargeable tax claims of the type specified in § 507(a)(8), which in turn relates to tax claims for taxable years in which a tax return is due within the three years preceding the date of bankruptcy filing. On this score there are no issues of fact in dispute. Here, it is undisputed that tax returns for years 1993 and 1994 were due within three years of plaintiff's July 1, 1996 petition. Plaintiff instead opposes defendant's motion on the grounds that defendant failed to affirmatively plead this position in its answer § 523(a)(1)(A). Such

failure, according to plaintiff, constitutes a waiver on the part of defendant of its right to assert a defense under § 523(a)(1)(A).

■■ Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. *See Haskell v. Washington Township,* 864 F.2d 1266, 1273 (6th Cir.1988); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (1990); *see also* Fed.R.Civ.P. 8(c). Here we shall assume, without deciding, that pursuant to Rule 8(c) defendant indeed was required to affirmatively plead § 523(a)(1)(C) as an "other matter constituting an avoidance or affirmative defense." Fed.R.Civ.P. 8(c)("In pleading to a preceding pleading, a party shall set forth affirmatively ... any other matter constituting an avoidance or affirmative defense.") However, it is well established that failure to raise an affirmative defense by responsive pleading does not always result in waiver. *See Moore, Owen, Thomas & Co. v. Coffey,* 992 F.2d 1439, 1445 (6th Cir.1993). In *Coffey,* the Sixth Circuit observed that:

> The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788 (1971). "Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797 (11th Cir.1989) (quoting *Hassan v. United States Postal Serv.,* 842 F.2d 260, 263 (11th Cir.1988)). *See also Charpentier,* 937 F.2d at 864 ("It has been held that a 'defendant does not waive an affirmative defense if [h]e raised the issue at a pragmatically sufficient time and [the plaintiff] was not prejudiced in its ability to respond.'") (quoting *Lucas v. United States,* 807

F.2d 414, 418 (5th Cir.1986)) (quoting *Allied Chemical Corp. v. Mackay,* 695 F.2d 854, 855–56 (5th Cir.1983)); *Mackay,* 695 F.2d at 855–56 ("Where the matter is raised in the trial court in a manner that does not result in unfair surprise ... technical failure to comply precisely with Rule 8(c) is not fatal."); *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir.1981) (affirmative defense not waived, even though not specifically pleaded, where defense clearly appears on face of the pleading and is raised in motion to dismiss).

992 F.2d at 1445.

■■ Based upon the record before us, we find that defendant first raised a defense under § 523(a)(1)(C) in the present motion for summary judgment. Therefore, upon receipt of the motion, plaintiff learned of defendant's intent to assert such a defense. We find that, in view of the absence of any issues of fact surrounding plaintiff's 1993 and 1994 taxes, there is no unfair prejudice or surprise to plaintiff as a result of defendant's failure to raise this defense at an earlier stage of the proceeding. Nor does plaintiff claim that his case has been prejudiced in any way. Accordingly, we hold, consistent with the foregoing authorities, that defendant has not waived its defense under § 523(a)(1)(C). A contrary result would be inconsistent with the liberal system of notice pleading set up by the Federal Rules. *See Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957).

In view of the foregoing, defendant's motion for summary judgment is granted. The complaint is dismissed.

So Ordered.