L.C. CUNNINGHAM, Plaintiff—
Appellant,

v.

J.S. BLOXOM, Defendant—Appellee.

No. 01–16610.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Nov. 4, 2003.

Stacie F. Beckerman, Esq., Palo Alto, CA, Alan D. Hamilton, Esq., San Francisco, CA, L.C. Cunningham, pro se, Soledad, CA, for Plaintiff–Appellant.

Kelli Marie Hammond, Monica Noella Anderson, Attorney General's Office, Sacramento, CA, for Defendant–Appellee.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Plaintiff L.C. Cunningham appeals a judgment based upon a jury verdict in favor of Defendant J.S. Bloxom, on two grounds. First, Plaintiff, who represented himself *pro se* at trial, asserts that the judgment should be vacated because the district court erred when it failed to recognize it had authority to request volunteer counsel for plaintiff pursuant to 28 U.S.C. § 1915, or alternatively, that the court abused its discretion when it declined to request the voluntary assistance of counsel. Second, plaintiff asserts that the court abused its discretion by presenting only appellee's version of a summary of the case to the venire. As the parties are familiar with the facts, we recite them only as necessary. We reverse and remand based upon the second ground.[1]

The district court did not abuse its discretion when it declined to request volunteer counsel to assist plaintiff. Motions for appointment of counsel, pursuant to 28 U.S.C. § 1915(e)(1) (2003), are "addressed to the sound discretion of the court and are granted only in exceptional circumstances." *United States v. McQuade,* 579 F.2d 1180, 1181 (9th Cir.1978). The court has an affirmative duty to "assist" a party in obtaining representation only if "exceptional circumstances" are found. *United States v. 30.64 Acres of Land,* 795 F.2d 796, 799, 804 (9th Cir.1986). It is clear from the December 13, 2000 Order Denying Motion for Appointment of Counsel that the court not only recognized its discretionary authority to request counsel,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Appellee's Motion to Amend, filed September 17, 2003, is granted and this Memorandum Disposition is based on Appellee's amended brief.

but also exercised that discretion. The oral explanation given by the judge in open court does not demonstrate otherwise. The determination that the requisite exceptional circumstances were not present in plaintiff's case was not an abuse of discretion.

■ The court did, however, abuse its discretion when it presented to the prospective jurors at the outset of *voir dire* a summary of the expected evidence in the case based entirely upon a description prepared by the defendant. That description differed materially from plaintiff's version of the facts in key respects.

Plaintiff was an inmate at a California state prison. His claim was that defendant, a prison employee, violated 42 U.S.C. § 1983 when he failed to protect plaintiff from a physical attack by another inmate, after plaintiff had already been attacked once by that inmate. Plaintiff claimed serious injuries from the second encounter. The summary provided by the district court explicitly contradicted plaintiff's allegations. The court described the first altercation as "minor" and described the injuries suffered by plaintiff from the second fight as "minor abrasions." The summary also stated that defendant Bloxom interviewed both plaintiff and the other inmate after the first fight, at which time "both inmates indicated that the altercation occurred due to a personal disagreement, that both inmates were friends prior to the incident, and *both inmates said that there would be no further problems between them.*" (Emphasis added).

This summary was offered to the prospective jurors as a way of introducing them to the case. Before the statement was read, the court told the venire "this is what evidence is expected to be." Afterwards, the court said "this is what we believe the evidence is going to be." The potential jurors necessarily would have believed that the summary reflected either what the court itself expected, or what the court and both parties together expected. The judge did not inform the venire that he was reading a description prepared by the defendant. If the jurors believed the court's characterization of the expected evidence was accurate, then there would have been no reason for the prison officials to separate or protect plaintiff from the other inmate, and a verdict for defendant was assured.

The circumstances explain but do not excuse the court's reading of defendant's summary to the venire. In its pretrial order, the court directed both parties to prepare a summary that would be read to prospective jurors, but the *pro se* plaintiff failed to do so. Prior to *voir dire*, plaintiff acquiesced to the reading of defendant's summary after being pressured by the court, but his objections both before and immediately after the reading demonstrate that he never fully understood what the summary contained. Whether or not plaintiff properly objected, though, the trial court should have recognized that the summary prepared by defendant was a one-sided description. To read it to the prospective jurors, while describing it not as a summary prepared by one party but rather as what "we" expect the evidence to show, was both inaccurate and improper.

We have held that a trial court abuses its discretion during *voir dire* if its statements unnecessarily prejudice a party. *See Scott v. Lawrence,* 36 F.3d 871, 874 (9th Cir.1994). In situations where a trial judge presents his one-sided opinion of evidence to the jury, the Supreme Court has emphasized that jury members receive a judge's words with great deference, and thus, such a characterization of evidence constitutes prejudicial error. *See Quercia v. United States,* 289 U.S. 466, 470–72, 53 S.Ct. 698, 77 L.Ed. 1321 (1933).

Nor was this error cured by the court's admonition that the summary did not constitute actual evidence, and that the jury should wait and see what the evidence would ultimately prove. *See Quercia*, 289 U.S. at 472. After all, the first thing the jurors heard about the case was a one-sided description of the expected evidence with an implied judicial imprimatur. The impact of such a characterization is not easily mitigated. *See Maheu v. Hughes Tool Co.*, 569 F.2d 459, 472 (9th Cir.1978). Because the district court abused its discretion by making prejudicial statements during *voir dire,* the judgment based upon the jury verdict is vacated, and the case is remanded for further proceedings consistent with this disposition. *See Scott*, 36 F.3d at 875.

**REVERSED and REMANDED.**