**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JAN 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MING CHING JIN,

        Plaintiff - Appellant,

  v.

L. FORGIA,

        Defendant - Appellee.

No. 08-56199

D.C. No. 2:06-cv-00742-R-JCR

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, and LEAVY, Circuit Judges.

    California state prisoner Ming Ching Jin appeals pro se from the district

court's summary judgment in favor of defendant in Jin's 42 U.S.C. § 1983 action

alleging that defendant retaliated against him for exercising his First Amendment

right to file grievances against other prison officers.  We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review a district court's refusal to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) for an abuse of discretion. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). We vacate and remand for further proceedings.

Jin asserts that the district court abused its discretion in denying his motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). The district court based its denial of the motion on the ground that there is no provision for appointment of counsel in civil actions. However, a court may appoint counsel for indigent civil litigants under exceptional circumstances. *See, e.g.*, *id.* Thus, the district court committed an error of law when it denied Jin's motion for appointment of counsel "upon the ground that the court had no authority whatsoever to appoint counsel for civil litigants." *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). Because the district court never exercised its discretion in deciding Jin's motion, we "must reverse and remand for determination of whether [Jin] is indigent and, if he is, for the exercise of the court's discretion in whether to request counsel to represent him." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986). As a result, the district court's summary judgment is necessarily vacated. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (holding that "the district court should

2

determine if counsel would aid its resolution before disposing of the case on its merits").

Jin also asserts that the district court erred in failing to rule on his motion to amend his pleading and in refusing to allow Jin to file with the court a request to name additional defendants. On remand, the district court should address these issues.

**VACATED and REMANDED.**