**NOT FOR PUBLICATION**

MAR 14 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PUNAOFO TSUGITO TILEI,

Plaintiff - Appellant,

v.

W. J. MCGUINNESS, M.D.; et al.,

Defendants - Appellees.

No. 13-16298

D.C. No. 1:10-cv-00069-LJO-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Punaofo Tilei appeals the district court's dismissal of his suit under Federal

Rule of Civil Procedure ("Rule") 41(b) and the denial of his request for the

appointment of pro bono counsel. We have jurisdiction over the district court's

final order of dismissal pursuant to 28 U.S.C. § 1291. We review for abuse of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

discretion both the dismissal of a suit under Rule 41(b) as a sanction for failure to comply with a court order, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and the denial of a motion for the appointment of counsel pursuant to 18 U.S.C. § 1915(e), *see Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). We reverse and order the district court to appoint pro bono counsel.

I

On appeal from a Rule 41(b) dismissal for failure to amend a complaint, the court reviews only the propriety of the dismissal. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996). However, the court must consider whether the failure to amend the complaint was reasonable, which includes consideration of whether "the original dismissal was erroneous." *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1992). Here, Tilei's original complaint stated a claim, and the district court therefore erred by dismissing Tilei's suit under Rule 41(b) for failure to amend the complaint.

To establish an Eighth Amendment claim based on inadequate medical treatment, a prisoner must show deliberate indifference to the prisoner's serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Tilei's alleged "chronic and substantial pain" resulting from spine degeneration constituted a serious medical need. *See Peralta v. Dillard*, 744 F.3d 1076, 1086

(9th Cir. 2014) (en banc). Tilei also adequately alleged deliberate indifference as to each named defendant except Lisa Salinas.[1] Tilei adequately alleged that prison supervisors interfered with and delayed medical treatment by failing to forward medical records to Tilei's treating physicians. *See Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011) (concluding that "[d]eliberate indifference may include . . . intentionally denying or delaying access to medical care" (internal citation omitted)). As to Tilei's treating prison physicians, Tilei adequately alleged that prison physicians unreasonably ignored his specialists' medical advice on the basis of less-specialized medical knowledge. *See Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012) (concluding that reliance on "non-specialized" medical conclusions may constitute deliberate indifference to a plaintiff's medical needs), *overruled on other grounds by Peralta*, 744 F.3d 1076; *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) ("[A]llegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference."). Thus, Tilei's original complaint stated a claim for deliberate indifference to serious medical needs, and the district court erred by dismissing Tilei's suit under Rule 41(b) for failure to amend the complaint.

---

[1] The district court correctly concluded that Tilei failed to allege any facts that suggested that Salinas, a non-medical personnel, had a subjective intent to ignore Tilei's serious medical needs.

II

Counsel should only be appointed under 28 U.S.C. § 1915(e)(1) in "exceptional circumstances," which requires a consideration of the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate the claims pro se. *Terrell*, 935 F.2d at 1017. This case presents the rare "exceptional circumstances" that warrant the appointment of pro bono counsel.

First, Tilei's deliberate indifference claim is legally complex. Tilei's claim will turn on complex medical questions of competing treatment regimens and causation, and likely require the testimony of expert witnesses. Second, Tilei is incapable of articulating that claim. In assessing this prong, courts should consider not only the characteristics of the claim, but also the characteristics of the plaintiff. *See McElyea v. Babbitt*, 833 F.2d 196, 199 n.3 (9th Cir. 1987) (per curiam). Here, Tilei introduced evidence that, due to his medical incapacity, he was unable to draft motions and conduct legal research.[2] Finally, Tilei's complaint states a claim for relief, and therefore suggests that he may succeed on the merits. *See Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976) (per curiam) (ordering district court to

---

[2] We deny the motion for judicial notice, as Tilei's court records do not conclusively establish his ability to file an amended complaint. *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n. 7 (9th Cir. 2000) (noting that it is "rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court").

assess motion for appointment of counsel *before* ruling on motion to dismiss). Taken together, these circumstances warrant the appointment of pro bono counsel in this case.

III

Tilei's original complaint stated a claim for deliberate indifference to a serious medical need. Therefore, the district court erred by dismissing Tilei's suit as a sanction for Tilei's failure to amend the complaint. Additionally, due to the complexity of Tilei's legal claims and Tilei's physical incapacitation, the district court erred by denying Tilei's motion for the appointment of counsel.

**REVERSED.**