NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARL SIDNEY RACE,

        Plaintiff - Appellant,

  v.

MONTANA STATE PRISON
INFIRMARY; PAUL REES; Dr. Doctor
NEUMEISTER; Dr. PETERSON; Dr.
THOMAS; Dr. NEDRUD; CYNTHIA
WOLKEN; CONNIE WINNER; CINDY
MCGILLIS HINER; STEPHANIE PASHA;
JAMES SALMOND; JOHN AND JANE
DOE,

        Defendants - Appellees.

No. 24-38

D.C. No.
6:22-cv-00085-JTJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carl Sidney Race, a Montana state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Because the parties are familiar with the facts, we need not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022). A district court's denial of a motion to compel discovery is reviewed for abuse of discretion. *Herring v. Delta Air Lines, Inc.*, 894 F.2d 1020, 1021 (9th Cir. 1989). "Motions for appointment of counsel . . . are addressed to the sound discretion of the court and are granted only in exceptional circumstances." *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978) (citing prior version of Section 1915). The dismissal is affirmed.

The district court properly dismissed Race's claims against Dr. Paul Rees because Race failed to allege facts sufficient to show Dr. Rees was deliberately indifferent to his medical needs. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). Race did not allege Dr. Rees was personally aware of risks to Race's health. Nor did Race allege Dr. Rees had consciously made any decisions regarding Race's medical treatment. Race only alleges that Dr. Rees "has been on notice" of Race's request for the eye lens and that he has "final authority" on clinical issues. These allegations, taken as true, do not establish Dr. Rees chose a

"medically unacceptable" course of treatment "in conscious disregard of an excessive risk" to Race's health. *Id.* at 1068 (quoting *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012)).

Race also challenges the district court's failure to serve defendants. Officers of the court issue and serve process when a plaintiff proceeds *in forma pauperis* under 28 U.S.C. § 1915. However, Race was not proceeding *in forma pauperis* when the district court advised Race that failure to serve his complaint on the unserved defendants by May 10, 2023, would result in dismissal without prejudice of his claims against the unserved defendants. Race informed the district court on June 5, 2023, that he had not served the other defendants. Consequently, the district court did not err in declining to serve the unserved defendants on Race's behalf, nor did the district court abuse its discretion in dismissing without prejudice the claims against the unserved defendants under Federal Rule of Civil Procedure 4(m).

The district court did not abuse its discretion in denying Race's motion to compel discovery as moot. Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (9th Cir. 2009). The *Twombly/Iqbal* plausibility standard "does not prevent a plaintiff from pleading facts alleged upon information and belief that makes the inference of culpability plausible." *Soo Park*

*v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). The district court did not abuse its discretion in denying a motion to compel discovery based on allegations that did not survive a Rule 12(b)(6) motion.

Finally, the district court did not abuse its discretion in declining to request attorney representation for Race pursuant to 28 U.S.C. § 1915(e)(1). On appeal, Race does not identify how his circumstances are "exceptional" and warrant the district court's request for counsel.

**AFFIRMED.**